IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| U.S. BANK EQUIPMENT FINANCE, a division of U.S. BANK NATIONAL ASSOCIATION | ) ) | |
| Plaintiff, | ) ) | No. 24 C 2654 |
| v. | ) | Judge Robert W. Gettleman |
| RTA LOGISTICS, INC. and ANGJEL ARSOV, | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION & ORDER**

Plaintiff U.S. Bank Equipment Finance brought a four-count complaint against defendants RTA Logistics ("RTA") and Angjel Arsov ("Arsov") (collectively, "defendants"). Count I alleges that RTA breached its contract with plaintiff. Count II alleges that Arsov breached his guaranty agreement with plaintiff. Count III is an action for replevin against RTA. Count IV is an action for detinue against RTA and Arsov. Plaintiff moves for summary judgment on all counts. For the reasons below, plaintiff's motion for summary judgment (Doc. 33) is granted.

**BACKGROUND**

This is a case about defendants' failure to pay their debts. Plaintiff entered into an equipment finance agreement ("Agreement") with RTA to finance the purchase three truck trailers ("Equipment"). Under the agreement, RTA agreed to make sixty consecutive monthly payments of $2,997.86, plus applicable taxes and adjustments. In addition, Arsov executed a continuing personal guaranty ("Guaranty") in which he guaranteed the full and prompt payment of RTA's obligations under the Agreement.

1

RTA has failed to make payments when due under the Agreement. Arsov has failed to make payments when due under the Guaranty. According to the Agreement, defendants' failure to pay entitles plaintiff to the accelerated balance, discounted to present value at the rate of two percent (2%) per annum, plus prejudgment interest at a rate of twelve percent (12%) per year, attorneys' fees and costs.

## **DISCUSSION**

Defendants have failed to respond to plaintiff's motion for summary judgment. According to Fed R. Civ. P. 56(e)(2) and (3), "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c) , the court may…consider the facts undisputed for purposes of the motion [or] grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it." The court views defendants' failure to respond to the motion for summary judgment as an admission that there are no genuine disputes of fact warranting a trial. See Terrell v. American Drug Stores, 65 Fed. App'x 76, 77 (7th Cir. 2003). Although plaintiff's facts are undisputed, "even where a nonmovant fails to respond to a motion for summary judgment, the movant still" must "show that summary judgment [is] proper given the undisputed facts." Robinson v. Waterman, 1 F.4th 480, 483 (7th Cir. 2021) (internal quotations and citations omitted). Thus, before granting summary judgment, the court must ensure that plaintiff has shown that the undisputed facts, taken in the light most favorable to the nonmovant, entitle it to summary judgment as a matter of law.

Plaintiff has shown it is entitled to summary judgment as a matter of law on the breach of contract and guaranty counts. The Agreement and Guaranty contain a Minnesota choice of law clause. Illinois courts generally enforce contractual choice-of-law provisions, provided that the

provision does not violate Illinois public policy and there is a relationship between the chosen forum state and parties to the transaction. See Hartford v. Burns Int'l Sec. Servs., Inc., 526 N.E.2d 463, 464 (Ill. App. 1st 1988) (explaining that a choice of law provisions "will be given effect subject to certain limitations: whether the choice of law provision contravenes Illinois public policy and whether there is some relationship between the chosen forum and the parties or the transaction"); Home Ins. Co. v. Chicago and Nw. Transp. Co., 56 F.3d 763, 766 (7th Cir. 1995) (explaining that "Illinois enforces contractual choice-of-law agreements"). Plaintiff has a relationship to Minnesota because plaintiff is a national bank with its principal place of business in Minneapolis, Minnesota. There is no indication that enforcement of this run-of-the-mill choice of law clause would violate Illinois public policy. Thus, the court will evaluate the breach of contract and guaranty claims under applicable Minnesota law.

A breach of contract claim under Minnesota law requires plaintiff to prove the following elements, "(1) formation of a contract, (2) performance by plaintiff of any conditions precedent to his right to demand performance by the defendant, and (3) breach of the contract by defendant." Park Nicollet Clinic v. Hamann, 808 N.W.2d 828, 833 (Minn. 2011). On the first element, defendants admit that they entered into the Agreement and Guaranty. On the second element, it is undisputed that plaintiff fully performed its obligations under the Agreement and Guaranty. On the third element, there is no dispute that defendants defaulted under the Agreement and Guaranty. Therefore, plaintiff has shown that the undisputed facts entitle it to judgment as a matter of law on Counts I and II. According to the undisputed terms of the Agreement and Guaranty, plaintiff is entitled to payment of the unpaid balance, including late fees and any future due payments, in the amount of $135,273.94, prejudgment interest of

3

$13,163.12 as of November 14, 2024, and continuing to accrue at $44.47 per diem until entry of judgment, plus attorneys' fees and costs of $14,122.95.

Plaintiff has also shown that it is entitled as a matter of law to a writ of replevin. Under Illinois law, a plaintiff is entitled to a replevin order if it establishes that: (1) it is lawfully entitled to the possession of the property, (2) the property is wrongfully detained by the defendants, (3) it has made demand upon the defendants for the return of the property, and (4) the property has not been taken for any tax, assessment, or fine levied by virtue of any Illinois law against the property of the plaintiff, or against the plaintiff individually, nor seized under any lawful process against the goods and chattels of such plaintiff subject to such lawful process, nor held by virtue of any order for replevin against the plaintiff. See 735 ILCS 5/19-104; see also Gates v. Towery, 456 F. Supp. 2d 953, 968 (N.D. Ill.) (explaining that in Illinois, a "demand is required to succeed in bringing a claim for replevin"). Plaintiff is lawfully entitled to the possession of the Equipment because it is undisputed that RTA defaulted under the terms of the Agreement and that plaintiff has a perfected first-priority security interest in the Equipment. It is undisputed that RTA possesses the Equipment. It is undisputed that plaintiff has demanded the return of the Equipment. Finally, defendants admit that the Equipment has not been taken or seized under any of the circumstances listed in the fourth element above. Therefore, plaintiff has shown that the undisputed facts entitle it to a writ of replevin as a matter of law.

Plaintiff has also shown that it is entitled to an order of detinue as a matter of law. In Illinois, "[a] finding for plaintiff is proper in detinue where it is established that his right to possession is superior to that of defendant." L & LC Trucking Co. v. Jack Freeman Trucking Co., 343 N.E.2d 716, 717 (Ill. App. 1st 1976). Plaintiff has a right of possession superior to defendants both because of the undisputed terms of the Agreement, which requires defendants to

return the collateral to plaintiff upon the event of default, and because of plaintiff's perfected first-priority security interest in the collateral. Therefore, plaintiff has shown that it is entitled to an order of detinue as a matter of law.

## CONCLUSION

For the above reasons, plaintiff's motion for summary judgment is granted (Doc. 33). Plaintiff shall submit a proposed final judgment order to the court no later than March 18, 2025.

**ENTER:**

**Robert W. Gettleman**
**United States District Judge**

**DATE:  March 13, 2025**